T.C. Summary Opinion 2001-135


UNITED STATES TAX COURT


RICHARD S. HOLBROOK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17423-99S.                    Filed September 4, 2001.


Richard S. Holbrook, pro se.

William Henck and Dustin M. Starbuck, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $2,079 in petitioner's 1996 Federal income tax.[2]  The issue is whether petitioner's real estate rental income constitutes "disqualified income" under section 32, and, as such, exceeds the 1996 allowable maximum disqualified income of $2,200 for earned income tax credit eligibility.  Petitioner resided in Danville, Virginia, at the time the petition was filed.

## Background

The applicable facts may be summarized as follows. Petitioner is a self-employed general contractor for custom-built single family homes.  In 1996, petitioner operated a home construction business on a full-time basis and a real estate rental property activity.  Petitioner reported a net profit of $7,260 from the construction business in 1996.  Petitioner owns a condominium and three commercial buildings.  Petitioner reported gross rentals of $25,425 and a net income of $8,095 from his real estate rental property activity in 1996.

Petitioner personally handled the renting, maintenance, and collections for the real estate rental property activity.  He employed no agents to assist him in these endeavors, other than as required for the upkeep of the condominium under the terms of

[2]  Petitioner filed a joint 1996 Federal income tax return with his wife.  The notice of deficiency was issued to petitioner and his wife; however, petitioner's wife did not petition this Court and is not a party to this proceeding.

the condominium association.  Petitioner, however, performed no personal services for his tenants in connection with his real estate rental property activity.  Petitioner was not a real estate dealer.  Respondent conceded that petitioner's real estate rental property activity was not passive as defined in section 469.

Petitioner explained his long-term objective for his real estate rental property activity as a "401(k) or * * * profitsharing or something to retire on, because I don't have any other thing besides that. * * * Basically if I can get enough of this going on and it could be viable, then I could actually quit the construction business and live on this."

In 1996, petitioner claimed an earned income credit (EIC or EITC) of $2,079.  Respondent disallowed the credit on the ground that petitioner's real estate rental income was "disqualified income" and prohibited him from claiming the EIC.

## Discussion

Section 32(a) provides a credit in "an amount equal to the credit percentage of so much of the taxpayer's earned income * * * as does not exceed the earned income amount."  Section 32(i), however, provides in pertinent part as follows:

> (1) In general.--No credit shall be allowed under subsection (a) for the taxable year if the aggregate amount of disqualified income of the taxpayer for the taxable year exceeds $2,200.

(2) Disqualified income.--For purposes of paragraph (1), the term "disqualified income" means--

\*      \*      \*      \*      \*      \*      \*

(C) \* \* \*

(i) \* \* \* [net] income from <u>rents \* \* \* not derived in the ordinary course of a trade or business</u> \* \* \*. [Emphasis supplied.]

In arguing that section 32(i) does not apply, petitioner focused his argument on whether his real estate rental property activity constituted a trade or business. We believe, however, that the inquiry is broader and that the correct focus should be on the phrase "not derived in the ordinary course of a trade or business". In considering the effect of this language we assume, but do not decide, that petitioner's real estate rental property activity constituted a trade or business.

The relevant part of section 32(i) was added by section 4(a) of Act of April 11, 1995, Pub. L. 104-7, 109 Stat. 93, 95. The legislative history of section 32(i) states that "The Committee believes that the EITC should be targeted to families with the greatest need. Therefore, the Committee believes that it is inappropriate to allow an EITC to taxpayers with significant unearned income." S. Rept. 104-16, at 21 (1995). In using the phrase "not derived in the ordinary course of a trade or business", the congressional focus, therefore, was on whether the taxpayer had unearned income that exceeded the threshold amount.

In defining the concept of earned income for purposes of section 32, section 32(c)(2)(A)(ii) provides that earned income means, inter alia, "the amount of the taxpayer's net earnings from self-employment for the taxable year (within the meaning of section 1402(a))". Section 1402(a), in turn, provides in pertinent part:

> SEC. 1402(a). Net Earnings From Self-Employment.--The term "net earnings from self-employment" means the gross income derived by an individual from any trade or business carried on by such individual * * * except * * *
>
> (1) * * * rentals from real estate * * * unless such rentals are received in the course of a trade or business as a real estate dealer * * *.

Section 1.1402(a)-4(c)(2), Income Tax Regs., provides:

> (2) <u>Services rendered for occupants</u>. Payments for the use or occupancy of rooms or other space where services are also rendered to the occupant, such as for the use or occupancy of rooms or other quarters in hotels, boarding houses, or apartment houses furnishing hotel services, or in tourist camps or tourist homes, or payments for the use or occupancy of space in parking lots, warehouses, or storage garages, do not constitute rentals from real estate; consequently, such payments are included in determining net earnings from self-employment. * * *

Petitioner is not a dealer in real estate, nor does he provide the type of services to tenants enumerated in the regulations. We note in this regard that petitioner did not report his real estate rental income for purposes of computing self-employment tax. For purposes of sections 1402(a) and 32(c)(2), we conclude that petitioner's real estate rental income was not earned income. That income ($8,095) falls within the

ambit of "disqualified income" under section 32(i) and exceeds the threshold amount ($2,200).[3]  Accordingly, petitioner is not entitled to claim an EIC.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.

---

[3]  We note that the phrase "not derived in the ordinary course" also appears in sec. 469(e), which deals with portfolio income in the context of the passive loss rules.  These types of portfolio income include income that would be disqualified income.  See sec. 1.469-2T(c)(3)(ii), Temporary Income Tax Regs., 53 Fed. Reg. 5713 (Feb. 25, 1988).